IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ADRIAN ISAIAH GRAY,**

    **Petitioner,**

    **v.**                                                                   **Civil Action No. 3:24cv66**

**UNKNOWN,**

    **Respondent.**

## MEMORANDUM OPINION

Petitioner, a Virginia inmate proceeding *pro se*, submitted a letter in which he claims to have enclosed "a response to the Attorney General's Rule 5 Answer and Motion to dismiss dated Jan. 3, 2024." (ECF No. 1, at 1.) Petitioner then indicates that the "present Federal Habeas Petition . . . is based solely about Case No. CR15000040–05 [and] –06." (ECF No. 1, at 1.) By Memorandum Order entered on February 16, 2024, the Court informed Petitioner that he does not have a petition for writ of habeas corpus filed in this Court.[1]

Nevertheless, given the content of the letter, the Court determined that it was appropriate to give Petitioner the opportunity to pursue this action as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Rivenbark v. Virginia*, 305 F. App'x 144, 145 (4th Cir. 2008). The Court instructed that if Petitioner wished to proceed pursuant to 28 U.S.C. § 2254, he must file a

---

[1] A review of the CM/ECF docketing system for the United States District Court for the Western District of Virginia shows that Petitioner appears to have a 28 U.S.C. § 2254 petition pending in that court. *See Gray v. Director of DOC*, No. 7:23CV776–JPJ–PMS (W.D. Va. filed Dec. 1, 2023). Accordingly, the Court explained that it believed that Petitioner simply filed his letter and attachments in the wrong court. The Court further explained that to the extent that this submission was intended for the Western District, Petitioner need not take any action in the case in this Court and the Court will terminate the action. The Court then directed the Clerk to forward ECF No. 1 to the Clerk for the United States District Court for the Western District of Virginia for whatever action she deems fit.

petition for a writ of habeas corpus on the proper forms. The Court directed that, if Petitioner wished to proceed under 28 U.S.C. § 2254, he must complete and return the form to the Court within twenty (20) days of the date of entry thereof. The Court warned Petitioner that the failure to comply with the above directive would result in the dismissal of the action without prejudice. *See* Fed. R. Civ. P. 41(b).

More than thirty (20) days have elapsed since the entry of the February 16, 2024 Memorandum Order and Petitioner has not responded. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE. A certificate of appealability will be DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 4/12/2024
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge